# JUDGE KARAS

**KILPATRICK STOCKTON LLP**
Lisa Pearson (LP 4916)
Christopher Lick (CL 1391)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorney for Plaintiff Zino Davidoff SA*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ZINO DAVIDOFF SA,

     Plaintiff,

  v.

CVS CORPORATION,

     Defendant.

06 Civ. _____

RECEIVED
DEC 20 2006
U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT**

  Plaintiff Zino Davidoff SA ("Zino Davidoff"), by its attorneys Kilpatrick Stockton LLP,

for its complaint alleges as follows:

## SUBSTANCE OF THE ACTION

  1.  Zino Davidoff has created a highly successful line of prestige fragrances and

related products under its famous DAVIDOFF house mark.  In particular, Zino Davidoff's

DAVIDOFF COOL WATER men's and women's fragrances consistently rank among the top-

selling fragrances in the U.S.  Now, CVS Corporation ("CVS" or "Defendant") is violating Zino

Davidoff's trademark rights by selling blatant counterfeits of Zino Davidoff's DAVIDOFF

COOL WATER men's eau de toilette (the "Counterfeit COOL WATER Fragrances") through its

CVS Pharmacies and possibly through its www.cvs.com web site.  The Counterfeit COOL

WATER Fragrances sold by Defendant bear the famous and federally registered DAVIDOFF

and DAVIDOFF COOL WATER marks and copy Zino Davidoff's trade dress with such

precision that they are very close to the authentic DAVIDOFF COOL WATER fragrances,

virtually guaranteeing consumer confusion while also tarnishing and diluting Zino Davidoff's

famous marks.

2.      Defendant's sale of Counterfeit COOL WATER Fragrances is a deliberate effort

to trade on Zino Davidoff's fame and goodwill and damage the valuable trademark rights that

Zino Davidoff has spent decades developing and protecting.  Defendant's actions are causing

immediate and irreparable harm by creating consumer confusion and by tarnishing and diluting

Zino Davidoff's famous trademarks.  Zino Davidoff brings claims for trademark infringement

under § 32(1) of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1114(1); unfair competition

and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C § 1125(a); dilution

and tarnishment of Zino Davidoff's famous marks under § 43(c) of the Lanham Act, 15 U.S.C. §

1125(c); dilution under the laws of several states, including Illinois, 765 ILL. COMP. STAT.

ANN. 1036/65, Florida, FLA. STAT. ANN. § 495.151 and New York N.Y. GEN. BUS. Law

§ 360-l; unfair and deceptive trade practices under the laws of several states, including Illinois,

815 ILL. COMP. STAT. ANN. 510/1 to 510/7 and New York, N.Y. GEN. BUS. Law § 349; and

unfair competition under common law.  Zino Davidoff seeks preliminary and permanent

injunctive relief, an accounting, treble damages or statutory damages of up to $1,000,000 per

counterfeit mark per type of goods sold or distributed by Defendant as authorized by § 35(c) of

the Lanham Act, 15 U.S.C. § 1117(c), compensatory damages, recovery of their costs and

attorneys' fees and other relief authorized by the Lanham Act and applicable state law.

US2000 9647988.4

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the

Lanham Act"), 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial

Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and under principles of pendent jurisdiction.

This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity between the

parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-

five thousand dollars.

4.     Jurisdiction over the Defendant comports with the United States Constitution and

the long-arm statute for the State of New York, Rule 302 of the New York Civil Practice Law

and Rules.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), (b) and (c).

## PARTIES

6.     Plaintiff Zino Davidoff SA is a joint stock company organized and existing under

the laws of Switzerland with a principal place of business at Rue Faucigny 5, 1700 Fribourg,

Switzerland.  Zino Davidoff is the owner of all trademark rights in the marks DAVIDOFF and

COOL WATER for fragrances in the U.S.  Zino Davidoff also owns all trade dress rights in

DAVIDOFF fragrance products.

7.     Upon information and belief, Defendant CVS is a corporation organized and

existing under the laws of Delaware, with its corporate headquarters at One CVS Drive,

Woonsocket, Rhode Island 02895.  Upon information and belief, CVS operates a number of

commercial entities through which it sells fragrances and other products, including CVS

Pharmacies and the web site www.cvs.com.  Through its CVS Pharmacies and the www.cvs.com

-3-

web site, CVS transacts business in this District and throughout the United States.  Upon

information and belief CVS has direct involvement, participation and a financial interest in, as

well as supervision over, the unlawful acts complained of herein.  CVS's registered agent – CT

Corporation System, 111 Eighth Avenue, New York, New York 10011 – is located within this

District.

### FACTS SUPPORTING ZINO DAVIDOFF'S REQUESTED RELIEF

DAVIDOFF COOL WATER Fragrances

8.      The DAVIDOFF brand was created by Zino Davidoff in 1911 in Geneva,

Switzerland, and is today one of the world's most well known and highly respected brands for

luxury products, including a line of fine fragrances.  The DAVIDOFF mark has been extensively

used in U.S. commerce for many years.

9.      Zino Davidoff launched DAVIDOFF COOL WATER cologne for men in the

U.S. in 1991.  Zino Davidoff launched their women's DAVIDOFF COOL WATER fragrance in

the U.S. in 1997.

10.      Zino Davidoff's DAVIDOFF COOL WATER fragrances and products have been

distributed in interstate commerce throughout the United States, including in this judicial district,

for many years.  Zino Davidoff's DAVIDOFF COOL WATER fragrances and products are

renowned for their high quality and are identified and distinguished by the use of both the

DAVIDOFF mark and the COOL WATER secondary mark, as well as distinctive trade dress

(together, the "DAVIDOFF COOL WATER Marks").

11.      The distinctive packaging of Zino Davidoff's DAVIDOFF COOL WATER men's

fragrance consists of a shiny aqua blue box containing a rectangular, aqua blue bottle imprinted

-4-

with the name of the fragrance in a flowing script, as shown in Exhibit A. Zino Davidoff's

DAVIDOFF COOL WATER women's fragrance features a variation on this trade dress with a

lighter aqua color and a teardrop-shaped bottle, as shown in Exhibit B.

12.     Zino Davidoff exercises strict quality control over the production of its

DAVIDOFF COOL WATER fragrances, their bottling, their completed packaging, and their

distribution by Coty Prestige. A unique Production Code is marked on the bottom of each bottle

(as well as on the bottom of every box) of DAVIDOFF COOL WATER fragrance. This unique

code is particularly important for maintaining the integrity of Zino Davidoff's DAVIDOFF

COOL WATER fragrances. This code allows Zino Davidoff to track the origin and/or product

"batch" of any DAVIDOFF COOL WATER product, permitting them to order a product recall

or other corrective action in the event a product defect should arise and to protect the market

from counterfeit producers.

13.     Because of Zino Davidoff's exclusive and extensive use of the DAVIDOFF

COOL WATER Marks, the Marks have acquired enormous value, have become famous among

the consuming public and trade, and are recognized as identifying and distinguishing Zino

Davidoff exclusively and uniquely as the source of products sold under the marks.

14.     Zino Davidoff owns numerous incontestable U.S. trademark registrations for its

marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 2,609,218 for DAVIDOFF,

Reg. No. 1,439,621 for DAVIDOFF and Design, Reg. No. 1,735,958 for DAVIDOFF COOL

WATER and Design, Reg. No. 2,723,215 for DAVIDOFF COOL WATER in Design for bottle

shape and Reg. No. 1,735,965 for COOL WATER. All of the foregoing registrations are valid,

subsisting, and in full force and effect. Moreover, as they are incontestable pursuant to Section

-5-

15 of the Lanham Act, 15 U.S.C. § 1065, they serve as conclusive evidence of Zino Davidoff's

ownership of the marks and of its exclusive rights to use the marks in commerce on or in

connection with all of the goods identified in the registrations, as provided by Section 33(b) of

the Lanham Act, 15 U.S.C. § 1115(b).  True and correct copies of the foregoing registrations

from the U.S. Patent and Trademark Office are attached as Exhibit C.

Defendant's Counterfeit COOL WATER Fragrances

15.    Defendant has offered for sale and sold Counterfeit COOL WATER Fragrances at

CVS Pharmacies at least as early as 1998, when Zino Davidoff discovered Counterfeit COOL

WATER Fragrances in a store in the Bergen Mall, Paramus, New Jersey.  After this discovery

Zino Davidoff, through its attorneys, sent Defendant a cease and desist letter dated September 9,

1998.  A true and correct copy of the September 9, 1998 letter from Lisa Pearson, Esq. to Zenon

P. Lankowsky, Esq., CVS Corporation is annexed hereto as Exhibit D.  At that time Defendant

disclosed its suppliers of DAVIDOFF fragrances and informed Zino Davidoff that it had stopped

selling the Counterfeit COOL WATER Fragrances.

16.    Despite Defendant's assurances that it would no longer sell Counterfeit COOL

WATER Fragrances, Zino Davidoff discovered through a purchase by its investigator in Fort

Lauderdale, Florida in or around August 2005 that Defendant was again selling Counterfeit

COOL WATER Fragrances through its CVS Pharmacies.  Upon this discovery, Zino Davidoff,

through its attorneys, sent a cease and desist letter to Defendant dated October 19, 2005

regarding this unlawful activity.  A true and correct copy of the October 19, 2005 letter from

Lisa Pearson, Esq. to Douglas A. Sgarro, Esq., CVS Corporation is annexed hereto as Exhibit E.

In response to correspondence and discussions with Zino Davidoff's counsel, Defendant assured

-6-

Zino Davidoff that it had no counterfeit COOL WATER Fragrances in its inventory and would take measures to insure that it would only purchase genuine DAVIDOFF COOL WATER products in the future. During the discussions between the parties regarding Defendant's sale of Counterfeit COOL WATER Fragrances, Zino Davidoff's counsel provided Defendant on multiple occasions with the tools to identify counterfeit DAVIDOFF products and repeatedly offered to assist in authenticating any product.

17.     In or around late-November 2006 Zino Davidoff again discovered that Defendant was selling Counterfeit COOL WATER Fragrances in multiple CVS Pharmacies. True and correct copies of the receipts used by Zino Davidoff's investigator who purchased the Counterfeit COOL WATER Fragrances are annexed hereto as Exhibit F. Zino Davidoff's investigator made purchases of counterfeit COOL WATER men's fragrances in five different CVS Pharmacies in Michigan and Illinois. The packaging of this most recent round of Defendant's knockoffs, as shown in Exhibit G for example, uses counterfeit copies of the DAVIDOFF and COOL WATER marks and also replicates Zino Davidoff's distinctive trade dress. As such, Defendant's Counterfeit COOL WATER Fragrances are indistinguishable from Zino Davidoff's genuine product to an ordinary consumer not knowing the unique coding system.

18.     Coty Prestige Lancaster Group GmbH ("Coty Prestige") has confirmed that the samples of DAVIDOFF COOL WATER depicted in Exhibit G are not genuine product because, *inter alia*, they lack unique Production Codes.

19.     Zino Davidoff has repeatedly advised CVS of its sales of Counterfeit COOL WATER Fragrances and has provided it with the tools to verify the authenticity of DAVIDOFF

-7-

COOL WATER products on multiple occasions, yet CVS has knowingly and willfully continued

its practice of selling Counterfeit COOL WATER Fragrances to consumers.

20.     The Counterfeit COOL WATER Fragrances being sold by Defendant are not

manufactured by Zino Davidoff or its licensees, nor were they licensed, authorized, sponsored,

endorsed or approved by Zino Davidoff or its licensees.

21.     Defendant's unlawful actions commenced many years after Zino Davidoff began

using the marks at issue, many years after these marks had achieved worldwide fame, and many

years after the DAVIDOFF and COOL WATER marks were registered in the U.S. Patent and

Trademark Office.

22.     Defendant's Counterfeit COOL WATER Fragrances are likely to deceive,

confuse and mislead prospective purchasers and purchasers into believing that these unlicensed

and unauthorized products were produced or authorized by or in some manner associated with

Zino Davidoff.  The likelihood of confusion, mistake and deception engendered by Defendant's

unlicensed and unauthorized products is causing irreparable harm to Zino Davidoff.

23.     Purchasers and prospective purchasers viewing Defendant's unlicensed and

unauthorized Counterfeit COOL WATER Fragrances and perceiving a defect, lack of quality, or

any impropriety are likely to mistakenly attribute them to Zino Davidoff.  In addition, due to the

nature of the counterfeit product at issue here, a topical cosmetic, Defendant's sale of Counterfeit

COOL WATER Fragrances upon which there is no certification of quality poses a large risk to

public health and safety.  By causing such a likelihood of confusion, mistake, deception and

potential public health risk, Defendant is inflicting irreparable harm to Zino Davidoff's goodwill.

-8-

24.     The Court should issue the requested temporary restraining order and preliminary injunction to prevent Defendant's unlawful conduct from continuing to harm Zino Davidoff as well as deceive and potentially endanger the public during the pendency of the case.

25.     Upon information and belief, Defendant knowingly and willfully uses Zino Davidoff's marks and sells the Counterfeit COOL WATER Fragrances with the deliberate intent to ride on the fame and goodwill that Zino Davidoff has established in its DAVIDOFF and DAVIDOFF COOL WATER brands and with the deliberate attempt to create a false impression as to the source and sponsorship of Defendant's products and to dilute the distinctiveness of Zino Davidoff's marks.  If Defendant's conduct is not enjoined, it will greatly injure the value of Zino Davidoff's marks and Zino Davidoff's ability to distinguish its goods.

26.     Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

## FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT COOL WATER FRAGRANCES (15 U.S.C. § 1114)

27.     Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 26 above, and incorporates them herein by reference.

28.     Defendant's sale and distribution of products bearing counterfeit copies of the DAVIDOFF and COOL WATER marks is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's Counterfeit COOL WATER Fragrances.  As a result of Defendant's unauthorized use of Zino Davidoff's federally registered marks and/or imitations thereof, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Zino Davidoff.

-9-

29.     Defendant's unauthorized use of counterfeit copies of Zino Davidoff's marks falsely represents Defendant's Counterfeit COOL WATER Fragrances as emanating from or being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF and COOL WATER marks.

30.     Defendant's infringement of Zino Davidoff's registered marks is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue both to damage Zino Davidoff and deceive the public unless enjoined by this Court.  Zino Davidoff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT COOL WATER FRAGRANCES (15 U.S.C. §1125(a))

32.     Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 31 above, and incorporates them herein by reference.

33.     Zino Davidoff's DAVIDOFF COOL WATER Marks are famous, distinctive and entitled to the broadest scope of protection.

34.     Defendant's sale and distribution of products bearing counterfeit copies of the DAVIDOFF COOL WATER Marks constitutes a false designation of origin and a false description or representation that Defendant's Counterfeit COOL WATER Fragrances originate from, or are offered, sponsored, authorized, licensed by or otherwise somehow connected with

-10-

Zino Davidoff, and is thereby likely to confuse consumers. As a result of Defendant's

unauthorized use of the DAVIDOFF COOL WATER Marks and/or imitations thereof, the public

is likely to believe that Defendant's goods have been manufactured and/or approved by Zino

Davidoff.

35.     Defendant's unauthorized use of counterfeit copies of Zino Davidoff's marks

falsely represents Defendant's Counterfeit COOL WATER Fragrances as emanating from or

being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of

products bearing the DAVIDOFF COOL WATER Marks.

36.     Defendant's conduct is willful, intended to reap the benefit of the goodwill of

Zino Davidoff, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

37.     The aforesaid conduct of Defendant is causing immediate and irreparable injury

to Zino Davidoff and to its goodwill and reputation, and will continue both to damage Zino

Davidoff and deceive the public unless enjoined by this Court. Zino Davidoff has no adequate

remedy at law.

### THIRD CLAIM FOR RELIEF FOR FEDERAL TRADEMARK DILUTION WITH RESPECT TO COUNTERFEIT COOL WATER FRAGRANCES (15 U.S.C. § 1125(c))

38.     Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 37 above, and incorporates them herein by reference.

39.     Zino Davidoff's DAVIDOFF and COOL WATER trademarks are extraordinarily

famous and well known throughout the United States, having been used exclusively and

extensively for many years. By reason of extensive advertising and use, Zino Davidoff's marks

-11-

have become highly distinctive of Zino Davidoff's goods and are uniquely associated with Zino Davidoff.

40.    Defendant's commercial use of Zino Davidoff's DAVIDOFF and COOL WATER marks on its Counterfeit COOL WATER Fragrances has diluted and continues to dilute the distinctive quality of Zino Davidoff's famous marks by lessening their capacity to identify and distinguish Zino Davidoff exclusively as the source of goods bearing or provided under the marks.

41.    Defendant's commercial use of the DAVIDOFF and COOL WATER marks further dilutes Zino Davidoff's mark by associating them with a product of inferior quality, thereby tarnishing the marks.

42.    Defendant's unlawful use of the DAVIDOFF and COOL WATER marks is intended to and has the effect of trading on Zino Davidoff's reputation and causing dilution of Zino Davidoff's famous marks.

43.    Upon information and belief, Defendant does not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, DAVIDOFF or COOL WATER and cannot assert any rights in DAVIDOFF or COOL WATER that are prior to Zino Davidoff's first use of either mark.

44.    Defendant's conduct is in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

-12-

45.     The aforesaid conduct of Defendant is causing immediate and irreparable injury

to Zino Davidoff and to its goodwill and reputation, and will continue to damage Zino Davidoff

unless enjoined by this Court.  Zino Davidoff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF FOR STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION WITH RESPECT TO COUNTERFEIT COOL WATER FRAGRANCES**

46.     Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 45 above, and incorporates them herein by reference.

47.     Zino Davidoff, and its exclusive licensee Coty Prestige, have extensively and

continuously promoted and used the DAVIDOFF COOL WATER Marks in the United States,

and the marks have thereby become distinctive, famous, and well-known symbols of Zino

Davidoff's fragrance products.

48.     Defendant's commercial use of the DAVIDOFF COOL WATER Marks on

Defendant's Counterfeit COOL WATER Fragrances has diluted and continues to dilute the

distinctive quality of Zino Davidoff's marks by lessening their capacity to identify and

distinguish Zino Davidoff exclusively as the source of goods bearing or provided under the

marks.

49.     Defendant's commercial use of the DAVIDOFF COOL WATER Marks further

dilutes Zino Davidoff's marks by associating them with a product of inferior quality, thereby

tarnishing the marks.

50.     Defendant's actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with Zino Davidoff's DAVIDOFF COOL WATER Marks or to

-13-

cause dilution of the DAVIDOFF COOL WATER Marks, to the great and irreparable injury of
Zino Davidoff.

51.    Defendant is causing and will continue to cause irreparable injury to Zino
Davidoff's goodwill and business reputation, and dilution of the distinctiveness and value of
Zino Davidoff's famous and distinctive DAVIDOFF COOL WATER Marks in violation of the
Illinois, Florida and New York anti-dilution acts, 765 ILL. COMP. STAT. ANN. 1036/65
(2003), FLA. STAT. ANN. § 495.151 (West 2003) and N.Y. GEN. BUS. Law § 360-l (2003)
respectively, as well as upon information and belief the anti-dilution laws of the several states,
including Alabama, ALA. CODE § 8-12-17 (2003); Alaska, ALASKA STAT. §45.50.180
(Michie 2002); Arizona, ARIZ. REV. STAT. ANN. §44-1448.01 (West 2003); Arkansas, ARK.
CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 2003);
Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE
ANN. tit. 6, § 3313 (2002); Georgia, GA. CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV.
STAT. ANN. §482-32 (Michie 2003); Idaho, IDAHO CODE § 48-513 (Michie 2002); Iowa,
IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-214 (2002);
Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV. STAT. ANN. tit.
10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West
2003); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE.
ANN. § 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana,
MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. §87-140
(Michie 2002); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Jersey, N.J.
STAT. ANN. 56:3- 13.20 (West 2003); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie
2002); Oregon, O.R.S. § 647.107 (2003); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124

-14-

(West 1996); Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); South Carolina, S. C. CODE

ANN. § 39-15-1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX.

BUS. & COM. CODE ANN. § 16.29 (Vernon 2003); Utah, UT. CODE ANN. §70-3a-403

(2002); Washington, WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA.

CODE ANN. 47-2-13 (Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie

2002).

52.     Zino Davidoff therefore is entitled to injunctive relief, damages and costs, as well

as, if appropriate, enhanced damages and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO COUNTERFEIT COOL WATER FRAGRANCES

53.     Zino Davidoff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 52 above, and incorporates them herein by reference.

54.     Zino Davidoff's DAVIDOFF COOL WATER Marks are famous, highly

distinctive of Zino Davidoff and entitled to the broadest scope of protection.

55.     Defendant's sale and distribution of Counterfeit COOL WATER Fragrances

constitutes a false designation of origin and a false description or representation that Defendant's

products originate from, or are offered, sponsored, authorized, licensed by or otherwise somehow

connected with Zino Davidoff, and is thereby likely to confuse consumers. As a result of

Defendant's conduct, the public is likely to believe that Defendant's goods have been

manufactured and/or approved by Zino Davidoff.

56.     Defendant's unauthorized use of counterfeit copies of the DAVIDOFF COOL

WATER Marks falsely represents Defendant's Counterfeit COOL WATER Fragrances as

-15-

emanating from or being authorized by Zino Davidoff and places beyond Zino Davidoff's control the quality of products bearing the DAVIDOFF COOL WATER Marks.

57.     Defendant's conduct is willful, intended to reap the benefit of the goodwill of Zino Davidoff, and constitutes common law unfair competition.

58.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to Zino Davidoff and to its goodwill and reputation, and will continue both to damage Zino Davidoff and deceive the public unless enjoined by this Court.  Zino Davidoff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF FOR UNFAIR AND DECEPTIVE TRADE PRACTICES WITH RESPECT TO COUNTERFEIT COOL WATER FRAGRANCES

59.     Zino Davidoff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 58 above, and incorporates them herein by reference.

60.     By reason of the acts set forth above, Defendant has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of Illinois statute 815 ILL. COMP. STAT. ANN. 510/1 to 510/7 and New York statute N.Y. GEN. BUS. Law § 349 (McKinney 1988), and upon information and belief the unfair and deceptive trade practices statutes of other states including Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (1994); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (1993); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 1996); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§

-16-

57-12-1 to 57-12-22 (Michie 1995); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04
(West 1995); Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998)
and Oregon, O.R.S. §§ 646.605 to 646.656 (2003).

61.    The public is likely to be damaged as a result of Defendant's deceptive trade
practices or acts.

62.    The aforesaid conduct of Defendant is causing immediate and irreparable injury
to Zino Davidoff and to its goodwill and reputation, and will continue both to damage Zino
Davidoff and deceive the public unless enjoined by this Court.  Zino Davidoff has no adequate
remedy at law.

WHEREFORE, Zino Davidoff demands judgment as follows:

1.    That an injunction be issued enjoining Defendant, and any employees, agents,
servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities
owned or controlled by Defendant, and all those in active concert and participation with
Defendant, and each of them who receives notice directly or otherwise of such injunction from:

a)    imitating, copying, or making unauthorized use of the DAVIDOFF COOL
WATER Marks or any other marks owned by Zino Davidoff (collectively the "DAVIDOFF
Marks");

b)    importing, exporting, manufacturing, producing, distributing, circulating,
selling, offering for sale, advertising, promoting or displaying any product bearing any
simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

-17-

US2000 9647988.4

c)   using any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Zino Davidoff or to any goods sold, manufactured, sponsored or approved by or connected with Zino Davidoff;

d)   using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any infringing product manufactured, distributed or sold by Defendant is in any manner associated or connected with Zino Davidoff, or is sold, manufactured, licensed, sponsored, approved or authorized by Zino Davidoff;

e)   engaging in any other activity constituting unfair competition with Zino Davidoff, or constituting infringement of the DAVIDOFF Marks;

f)   taking any action, including through the use of the DAVIDOFF Marks or any simulation reproduction, copy or colorable imitation thereof, that dilutes the unique association between the DAVIDOFF Marks and Zino Davidoff, or that tarnishes the reputation or image of Zino Davidoff;

g)   transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendant's possession, custody or control bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

-18-

h)  disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks;

i)  directly or indirectly informing Defendant's source(s) for any merchandise bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks of this action or any of Zino Davidoff's claims herein; or

j)  instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

2.    Directing that Defendant make available to Zino Davidoff for review, inspection and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents concerning all transactions relating to the purchase or sale and unauthorized use of products or packaging incorporating a simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks and provide Zino Davidoff the names, addresses and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the source(s) of such products and packaging, including all manufacturers, distributors and/or suppliers.

-19-

3.     Directing that Defendant recall from all distributors, retailers or other recipients any and all products and packaging sold or distributed by Defendant under or in connection with any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks and, upon recall, to deliver such goods up to Zino Davidoff's counsel for destruction at Defendant's costs.

4.     Directing that Defendant cancel any advertising regardless of medium using any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks.

5.     Directing that Defendant deliver to Zino Davidoff's counsel for destruction at Defendant's costs all signs, products, packaging, promotional material, advertising material, catalogs and any other item that bears, contains or incorporates any simulation, reproduction, counterfeit, copy, or colorable imitation of the DAVIDOFF Marks.

6.     Requiring Defendant to account for and pay over to Zino Davidoff three times the profits realized by Defendant from its infringement of Zino Davidoff's marks and its unfair competition with Zino Davidoff.

7.     Awarding Zino Davidoff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), or, if Zino Davidoff elects, statutory damages as the Court considers just, up to $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendant's acts of willful trademark infringement and counterfeiting.

8.     Awarding Zino Davidoff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendant's acts of willful unfair competition and trademark dilution.

US2000 9647988.4

9.      Awarding to Zino Davidoff interest, including pre-judgment interest, on the foregoing sums.

10.     Awarding to Zino Davidoff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

11.     Awarding Zino Davidoff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

12.     Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendant are authorized by Zino Davidoff or related in any way to Zino Davidoff's products.

13.     Directing that Defendant file with the Court and serve upon Zino Davidoff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above.

14.     Awarding Zino Davidoff such other and further relief as the Court may deem just and proper.

-21-

Dated: New York, New York
December 20, 2006

**KILPATRICK STOCKTON LLP**

By: _Lisa Pearse_

Lisa Pearson (LP 4916)
Christopher Lick (CL 1391)
31 W. 52nd Street, 14th Floor
New York, New York 10019
(212) 775-8700
(212) 775-8800

*Attorneys for Plaintiff Zino Davidoff SA*

-22-