USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **7/28/11**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ZINO DAVIDOFF SA,

Plaintiff,

v.

CVS CORPORATION,

Defendant.

06 Civ. 15332 (RJS) (MHD)

## CONSENT JUDGMENT

Plaintiff Zino Davidoff SA and Defendant CVS Corporation hereby enter the following Consent Judgment:

WHEREAS, Plaintiff commenced this Action by filing a Complaint against Defendant on December 20, 2006, and subsequently filing an Amended Complaint on February 7, 2007, asserting claims for trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C § 1125(a); dilution and tarnishment of Zino Davidoff's famous marks under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the laws of several states, including Illinois, 765 ILL. COMP. STAT. ANN. 1036/65, Florida, FLA. STAT. ANN. § 495.151 and New York N.Y. GEN. BUS. Law § 360-l; unfair and deceptive trade practices under the laws of several states, including Illinois, 815 ILL. COMP. STAT. ANN. 510/1 to 510/7 and New York, N.Y. GEN. BUS. Law § 349; and unfair competition under common law;

WHEREAS, the United States District Court for the Southern District of New York has subject matter jurisdiction over this Action and personal jurisdiction over Defendant for the purposes of this Action;

WHEREAS, to avoid the inconvenience and expense of further litigation, and without admission by any party as to that party's liability or wrongdoing, the Plaintiff and Defendant

1

US2000 12153278.2

wish to resolve this matter, and to that end have agreed to enter this Consent Judgment to dispose of all the claims set forth in the above-captioned Action on terms set forth below:

1.      This Consent Judgment is entered into by Defendant of its own free and voluntary act, with full knowledge and understanding of this proceeding and the obligations imposed upon it by this Consent Judgment.

2.      Defendant enters this Consent Judgment to resolve the litigation captioned *Zino Davidoff SA v. CVS Corporation*, 06-Civ-15332, pending in the United States District Court for the Southern District of New York and without admitting or denying any of the allegations in the Complaint and/or Amended Complaint filed by Plaintiff.

3.      DEFINITIONS.  The following terms shall be defined:

3.1.    The "Action" shall mean the above-captioned action.

3.2     "Zino Davidoff" shall mean Plaintiff Zino Davidoff SA, its predecessors, successors, parent company, affiliates, subsidiaries, assigns, and all entities owned or controlled by it.

3.3     "CVS" shall mean Defendant CVS Corporation, its predecessors, successors, parent company, affiliates, subsidiaries, assigns, and all entities owned or controlled by it.

3.4     "Plaintiff" shall mean Zino Davidoff.

3.5     "Defendant" shall mean CVS.

3.6     "Parties" shall mean Plaintiff and Defendant.

3.7      "Fragrance Product" shall mean all scented and non-scented health, beauty and cosmetic products, including but not limited to cologne, perfume, aftershave, splash, perfume extract, eau de parfum, eau de toilette, and eau de cologne.

2

3.8    "DAVIDOFF Fragrance Product" shall mean the full line of fragrance products in which Plaintiff owns trademark and trade dress rights, now or in the future, including without limitation DAVIDOFF ADVENTURE, DAVIDOFF COOL WATER, DAVIDOFF COOL WATER DEEP, DAVIDOFF COOL WATER GAME, DAVIDOFF COOL WATER WAVE, DAVIDOFF GOOD LIFE, DAVIDOFF HOT WATER, DAVIDOFF RELAX, DAVIDOFF SILVER SHADOW, DAVIDOFF SILVER SHADOW ALTITUDE, ECHO DAVIDOFF, and ZINO DAVIDOFF.

3.9    The "DAVIDOFF Marks" shall mean all U.S. trademark rights in the federally registered fragrance trademarks listed on Attachment A hereto, and all other trade dress and common law trademark rights associated with the DAVIDOFF Fragrance Product now or hereafter owned by Plaintiff, including any and all future fragrance products in the DAVIDOFF fragrance line, of which Defendant has actual notice.

3.10    "Code" shall refer to any serial number on the bottle (and/or the box) of DAVIDOFF Fragrance Product, representative examples of which are shown on Attachment B hereto.

3.11    "Decoded DAVIDOFF Product" shall refer to any DAVIDOFF Fragrance Product from which a Code has been removed, defaced, obscured or obliterated, in whole or part, by any means; however, the inadvertent over-stickering of outer cartons of DAVIDOFF Fragrance Product with pricing information by CVS store-level clerical staff does not constitute defacement, obscurement or obliteration of a product code, and CVS will include in its store manual procedure instructions for store-level clerical staff not to sticker over the product code of DAVIDOFF Fragrance Product with pricing information.

3

US2000 121153278 2

3.12   "Counterfeit DAVIDOFF Product" shall refer to any Fragrance Product bearing a spurious mark which is identical to, or substantially indistinguishable from, any of the DAVIDOFF Marks.

3.13   "Suspect Product" shall refer to any Decoded DAVIDOFF Product or any DAVIDOFF Fragrance Product bearing a non-unique Code, or bearing a known bogus Code that Plaintiff or its counsel has identified to Defendant or its counsel in writing.

3.14   The "Lanham Act" shall mean the U.S. Trademark Act of 1945, as amended.

4.   <u>STIPULATED FACTS</u>.  The Parties agree and stipulate as to the facts set forth in the WHEREAS clauses of this Consent Judgment and to the following facts:

4.1   Zino Davidoff is a limited liability corporation organized and existing under the laws of Switzerland with a principal place of business at Rue Faucigny 5, 1700 Fribourg, Switzerland.

4.2   CVS is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at One CVS Drive, Woonsocket, Rhode Island 02895.

4.3   Plaintiff owns common law trademark rights and numerous United States registrations for the DAVIDOFF Marks for Fragrance Products.

4.4   Plaintiff has never authorized Defendant to use any of the DAVIDOFF Marks.

5   <u>DEFENDANT'S OBLIGATIONS</u>.

5.1   Defendant and its officers, agents, servants, representatives, employees, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, shall not:

a)  imitate, copy, or make unauthorized use of the DAVIDOFF Marks;

4

b)  import, export, manufacture, produce, distribute, circulate, sell, offer for sale, advertise, promote or display any Counterfeit DAVIDOFF Product, Decoded DAVIDOFF Product or Suspect Product;

c)  remove, deface, obscure or obliterate, in whole or part, by any means the codes on any DAVIDOFF Fragrance Product or import, export, manufacture, produce, distribute, circulate, sell, offer for sale, advertise, promote or display any Decoded DAVIDOFF Product;

d)  instruct, assist, aid or abet any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

5.2    Defendant represents and warrants that, under cover of a letter dated July 11, 2011, it has furnished Plaintiff's counsel with all information in its possession, custody or control concerning the numbers of DAVIDOFF Fragrance Product that it has purchased, the number that it has sold, and the prices for which it purchased and sold these items during the period from January 1, 2000 and December 31, 2009.

5.3    Defendant represents and warrants that, under cover of a letter dated July 11, 2011, it has furnished Plaintiff's counsel with the names and addresses of all persons or entities from whom Defendant acquired DAVIDOFF Fragrance Product during the period from January 1, 2000 and December 31, 2009, as well as all available documents and details concerning the specific shipments of such fragrances to Defendant or its designee (including but not limited to any extant correspondence, bills of sale, invoices, orders, correspondence or receipts, between Defendant and the persons or entities from whom it acquired DAVIDOFF Fragrance Product, and which relate in any way to such product).

5.4    Defendant shall instruct its third-party reverse logistics contractor Carolina Logistics Services to destroy all DAVIDOFF products segregated and held during the pendency

5

of the Action, whether in response to Court Order or otherwise. Defendant agrees to provide Plaintiff's counsel with a confirmation of destruction issued by Carolina Logistics Services verifying that all products held by Carolina Logistics Services on behalf of CVS have been destroyed and the cost of the destruction of all such products. Defendant shall also provide Plaintiff's counsel with an invoice or other written confirmation as to the cost of transporting the units for destruction. Plaintiff and Defendant agree to share evenly the costs for such destruction and transportation up to forty thousand dollars ($40,000.00); Defendant shall be solely responsible for any costs greater than this amount, as the Parties agree that Plaintiff's share is not to exceed twenty thousand dollars ($20,000.00). Defendant hereby waives any and all right, title and/or interest to the destroyed products and forever releases Plaintiff from any and all claims arising out of their disposition.

5.5  Within ninety (90) days of the execution of this Consent Judgment, Defendant shall implement a notification system by which CVS employees shall report to CVS' Category Manager for Fragrances, copying CVS' Legal Department, the Divisional Merchandising Manager and the Vice President Merchandising Manager, that Defendant has been offered or has received any products (including without limitation Suspect Product) bearing the DAVIDOFF Marks, or any other marks substantially similar thereto, or it may be offered or receive that lack Codes on the packaging or bottle, that bear the same Code on multiple products, or that Defendant otherwise has reason to believe are Counterfeit DAVIDOFF Product, Decoded DAVIDOFF Product or otherwise infringing DAVIDOFF Fragrance Product. Defendant shall timely notify Plaintiff's counsel on an ongoing basis of any reports of such product described herein. To the extent Defendant has such products in its possession, custody or control, it shall

6

permit Plaintiff to take necessary steps to preserve this product as evidence for use in any legal action against the supplier(s) of such product.

5.6     Defendant shall cooperate with Plaintiff in pursuing the source(s) of any Counterfeit DAVIDOFF Product, Decoded DAVIDOFF Product and other products infringing upon the DAVIDOFF Marks in Defendant's possession by supplying necessary documents, information and assistance upon request.

5.7     Nothing in this Consent Judgment shall be construed as relieving Defendant of its obligations to comply with all state and federal laws, regulations and rules, or granting Defendant permission to engage in any other activity or practice prohibited by such law, regulation or rule.

6.      RELEASES.

6.1     Conditioned upon the accuracy of Defendant's representations and warranties in this Consent Judgment and upon the fulfillment by Defendant of the obligations and undertakings set forth herein, Plaintiff shall be deemed to have released Defendant from any and all claims asserted in the Action.

6.2     Conditioned upon the accuracy of Plaintiff's representations warranties in this Consent Judgment and upon the fulfillment by Plaintiff of the obligations and undertakings set forth herein,  Defendant shall be deemed to have released Plaintiff from any and all counterclaims that could have been asserted in the Action.

6.3     These releases shall not apply to any future claims or claims arising from facts not known to the Parties at the time of execution of this Consent Judgment.

7.      REMEDIES FOR BREACH.

7

US2000 12153278 2

7.1     The jurisdiction of this Court is retained for the purpose of construing and enforcing the terms of this Consent Judgment and remedying violations thereof.  Either party may apply to the Court for such other and further relief as may be necessary to effectuate the terms of this Consent Judgment, upon five (5) days notice to the other party.

7.2     For purposes of seeking judicial intervention to enforce the terms of this Consent Judgment and to punish violations thereof, Defendant acknowledges that any material breach of this Consent Judgment will result in irreparable injury to Plaintiff entitling Plaintiff to the entry of temporary, preliminary and/or permanent injunctive relief.  For the purposes of this Consent Judgment, "material breach" with regard to Decoded DAVIDOFF Product is defined as the stocking, offering for sale or sale of: (i) three (3) or more units of Decoded DAVIDOFF Products at two (2) or more CVS locations; or (ii) ten (10) or more units of Decoded DAVIDOFF Products at any one (1) CVS location; or (iii) one (1) unit of the same size and type of Decoded DAVIDOFF Product at five (5) or more CVS locations.

7.3     Plaintiff agrees that if it authorizes, in writing, the sale of Decoded DAVIDOFF Product by Target Corporation, Rite Aid Corp., Walgreens Co. or Wal-Mart Stores, Inc. (the "Competitors"), then CVS shall not be liable for injunctive or monetary relief  for the sale of Decoded DAVIDOFF Product under this Consent Judgment for the period of time during which any of the Competitors were authorized in writing by Plaintiff to sell Decoded DAVIDOFF Product.

7.4     In the event that one of the Parties brings a proceeding to enforce the terms of this Consent Judgment, the prevailing party shall be awarded its reasonable attorneys' fees and expert witness fees.

8

7.5     Defendant represents and warrants that the information it is providing under Paragraphs 5.2 and 5.3 of this Consent Judgment is true and accurate.

7.6     If Defendant materially breaches any of its obligations under this Consent Judgment, nothing herein shall be construed to limit Plaintiff's existing remedies under the Lanham Act or any other state or federal law, regulation or rule, all of which are expressly reserved and are available notwithstanding and in addition to all other remedies available under this Consent Judgment.

8.      MISCELLANEOUS.

8.1     Each of the Parties represents and warrants that it has the authority to execute this Consent Judgment.  Each of the Parties represents and warrants that to its knowledge the representations set forth in this Consent Judgment given by it are true and accurate.

8.2     This Consent Judgment shall be binding on and inure to the benefit of the Parties hereto, their officers, representatives, members, managers, directors, agents, heirs, executives, beneficiaries, employees, successors, assigns, subsidiaries, affiliates, parents and licensees.

8.3     The prohibitions in this Consent Judgment against CVS's advertising, distribution, sale or offering for sale of Decoded DAVIDOFF Product shall no longer apply should:

a) the Supreme Court of the United States or the Court of Appeals for the Second Circuit issue a final, non-appealable decision or order that definitively holds that it is not a violation of the Lanham Act to advertise, distribute, sell or offer for sale products from which a unique alphabetical and/or numeric code has been removed, defaced, obscured or obliterated, in whole or in part, by any means, *and* such decision or order expressly provides that (i) such code is a legitimate, substantial and non-pretextual component of the brand owner's quality control

9

procedures; (ii) the brand owner abides by such procedures; and (iii) non-conforming sales will diminish the value of the brand owner's trademark; or

        b) the United States Congress enact legislation that definitively provides or clarifies that it is not a violation of the Lanham Act to advertise, distribute, sell or offer for sale products from which a unique alphabetical and/or numeric code has been removed, defaced, obscured or obliterated, in whole or in part, by any means, notwithstanding that (i) such code is a legitimate, substantial and non-pretextual component of the brand owner's quality control procedures; (ii) the brand owner abides by such procedures; and (iii) non-conforming sales will diminish the value of the brand owner's trademark.

        8.4     Defendant may petition this Court for relief from and/or modification to this Consent Judgment should a United States District Court or United States Court of Appeals (other than for the Second Circuit) issue a final, non-appealable decision or order holding that it is not a violation of the Lanham Act to advertise, distribute, sell or offer for sale products from which a unique alphabetical and/or numeric code has been removed, defaced, obscured or obliterated, in whole or in part, by any means.

        8.5  The headings which have been used to designate the various sections of this Consent Judgment are solely for convenience and ease of reference and shall not be used to interpret this Consent Judgment.

        8.6     Each of the Parties has carefully reviewed this Consent Judgment, understands its terms, and has relied wholly on its own judgment and knowledge and has not been influenced to any extent whatsoever in making this Consent Judgment by any representations or statements made by any other party or anyone acting on behalf of any other party.  Any rules of construction construing an agreement against the drafting party shall not apply to the construction of this

US2000 12153278 2

Consent Judgment.

8.7     Defendant acknowledges that it has had the opportunity to consult with an attorney and that, by signing this Consent Judgment, Defendant understands the Consent Judgment's terms, the obligations hereunder, and the consequences of any breach thereof.

8.8     Except as otherwise provided herein, the Parties shall execute, acknowledge and deliver or cause to be executed, acknowledged or delivered, in a timely manner, all such further instruments or documents as may be reasonably necessary or reasonably desirable to effectuate the terms and provisions of this Consent Judgment.

8.9     This Consent Judgment may be signed in separate counterparts, all of which taken together shall constitute the agreement of the parties hereto, and legible facsimile signatures shall have the same effect as an original signature.

8.10    The use of the singular shall include the plural, and the use of the plural shall include the singular, for purposes of this Consent Judgment.

9.      ENTRY OF JUDGMENT.     Plaintiff and Defendant hereby jointly move the Court for a final and non-appealable Order entering this Consent Judgment with the full force and effect of a Final Judgment.

**IN WITNESS WHEREOF**, each of the Parties has caused this Consent Judgment to be signed by its duly authorized representative.

| ZINO DAVIDOFF SA | CVS CORPORATION |
|---|---|
| By: _J. Willer_ | By: _____ |
| Name: Andrea Tiller   Heiko Elbert | Name: _____ |
| Title: Legal Counsel   IP Counsel | Title: _____ |
| Date: _3/15/11_ | Date: _____ |

11

US2000-12151278.2

Consent Judgment.

8.7     Defendant acknowledges that it has had the opportunity to consult with an

attorney and that, by signing this Consent Judgment, Defendant understands the Consent

Judgment's terms, the obligations hereunder, and the consequences of any breach thereof.

8.8     Except as otherwise provided herein, the Parties shall execute, acknowledge and

deliver or cause to be executed, acknowledged or delivered, in a timely manner, all such further

instruments or documents as may be reasonably necessary or reasonably desirable to effectuate

the terms and provisions of this Consent Judgment.

8.9     This Consent Judgment may be signed in separate counterparts, all of which taken

together shall constitute the agreement of the parties hereto, and legible facsimile signatures shall

have the same effect as an original signature.

8.10    The use of the singular shall include the plural, and the use of the plural shall

include the singular, for purposes of this Consent Judgment.

9.      ENTRY OF JUDGMENT.     Plaintiff and Defendant hereby jointly move the

Court for a final and non-appealable Order entering this Consent Judgment with the full force

and effect of a Final Judgment.

**IN WITNESS WHEREOF**, each of the Parties has caused this Consent Judgment to be

signed by its duly authorized representative.

| **ZINO DAVIDOFF SA** | **CVS CORPORATION** |
|---|---|
| By: _____ | By _Cheryl S. Mahoney_ |
| Name: _____ | Name: _Cheryl L. Mahoney_ |
| Title: _____ | Title: _VP-MM-Beauty for CVS Pharmacy, Inc._ |
| Date: _____ | Date: _July 18, 2011_ |

11

US2000 12153278 2

AGREED AND CONSENTED TO, AS TO FORM AND CONTENT:

KILPATRICK TOWNSEND
& STOCKTON LLP

By: _____
      Lisa Pearson (LP 4916)
      Robert N. Potter (RP 5757)

31 West 52nd Street, 14th Floor
New York, New York 10019
Tel: (212) 775-8700
Fax: (212) 775-8800

*Counsel for Plaintiff*

ALLYN & FORTUNA LLP

By: _____
      Nicholas Fortuna (NF 9191)
      Megan Muoio (MM 6121)

200 Madison Avenue, Fifth Floor
New York, New York 10016
Tel: (212) 213-8844
Fax: (212) 213-3318

*Counsel for Defendant*


SO ORDERED:

_____
The Honorable Richard J. Sullivan
United States District Judge

Dated:  New York, New York
       July 27 , 2011

12

## ATTACHMENT A

## ZINO DAVIDOFF SA U.S. TRADEMARK REGISTRATIONS IN INTERNATIONAL CLASS 3

| REG. NO. | TRADEMARK | CLASS |
|---|---|---|
| 1,735,965 | COOL WATER | 3 |
| 1,439,621 | DAVIDOFF (signature underlined) | 3 |
| 2,609,218 | DAVIDOFF (word mark) | 3 |
| 3,247,745 | DAVIDOFF (stylized) | 3 |
| 3,547,054 | DAVIDOFF ADVENTURE | 3 |
| 1,735,958 | DAVIDOFF COOL WATER (script) | 3 |
| 2,950,263 | DAVIDOFF COOL WATER DEEP | 3 |
| 3,449,751 | DAVIDOFF COOL WATER WAVE (stylized) | 3 |
| 3,609,034 | DAVIDOFF HOT WATER | 3 |
| 1,753,520 | DAVIDOFF RELAX (COLOURS) | 3 |
| 1,744,198 | DAVIDOFF RELAX (script) | 3 |
| 3,184,046 | GAME | 3 |
| 3,627,303 | HOT WATER | 3 |
| 3,174,289 | SILVER SHADOW | 3 |
| 3,242,675 | SILVER SHADOW | 3 |
| 1,453,815 | ZINO DAVIDOFF (word mark) | 3 |
| 2,723,215 |  | 3 |
| 3,402,156 |  | 3 |

13

3,882,667    DAVIDOFF CHAMPION                    3

## ZINO DAVIDOFF SA U.S. TRADEMARK APPLICATIONS
## IN INTERNATIONAL CLASS 3

| SER. NO. | TRADEMARK | CLASS |
|---|---|---|
| 79/083,241 | COOL WATER (stylized) | 3 |

14

## ATTACHMENT B

## REPRESENTATIVE EXAMPLES OF THE SERIAL NUMBERS ON DAVIDOFF FRAGRANCE PRODUCT



DAVIDOFF COOL WATER (men's)



DAVIDOFF COOL WATER (women's)

15